IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02449-MSK-BNB

PETER GRAHAM SMITH,

Plaintiff,

v.

CHERI FISHER, d/b/a Behavioral Offender Services, and
LARIMER COUNTY PROBATION DEPARTMENT,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion to Dismiss Claims for Relief Against Defendants Fisher and Behavioral Offender Services, LLC** [Doc. #11, filed 11/12/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited

> evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff filed his Complaint on September 14, 2012 [Doc. #1]. He alleges that Cheri Fisher, d/b/a Behavioral Offender Services (the "defendants"), discriminated against him based on his hearing deficit. He asserts two claims against the defendants. Claim One is brought pursuant to Title III of the Americans With Disabilities Act ("ADA"). Claim Two is brought under the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-601 *et seq.*

## III. ANALYSIS

### A. Claim One

The defendants assert that the court lacks subject matter jurisdiction over Claim One because the plaintiff failed to exhaust his state remedies prior to filing it. *Motion*, pp. 2-4.

Section 12188, 42 U.S.C., provides that the remedies and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(a), are the same remedies and procedures as those in Title III of the ADA. 42 U.S.C. § 12188(a)(1). Section 2000a–3(a) is limited by the notification requirement of section 2000a-3(c), which provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a–3(c).

Colorado prohibits discrimination in places of public accommodation.  Sections 24–34–601 through 602, C.R.S. (2008).  Therefore, prior to filing this claim, the plaintiff was required to give written notice of the alleged act of discrimination to the appropriate state or local agency.  In Colorado, the notice of discrimination must be filed with the Colorado Civil Rights Commission.  White v. Denny's Inc., 918 F. Supp. 1418, 1423 (D. Colo. 1996); sections 24–34–301 through 307, C.R.S. (2008).  The plaintiff does not allege or provide any evidence indicating that he filed a notice with the Colorado Civil Rights Commission before instituting this action.  To the contrary, he asserts that he provided written notice to the Office of the State Court Administrator.  *Response to Defendant Fisher's Motion to Dismiss Claims for Relief* [Doc. #17] (the "Response"), ¶ 7.

Because the plaintiff did not file a notice with the Colorado Civil Rights Commission prior to filing this claim, the court is without subject matter jurisdiction to hear it.  Howard v. Cherry Hills Cutters, Inc., 935 F. Supp. 1148, 1150 (D. Colo. 1996); Lillard v. Sunflower Farmers Market,Inc., 2012 WL 5936543 (D. Colo. November 27, 2012).  The Motion should be granted insofar as it seeks dismissal of Claim One.

### B. Claim Two

The defendants assert that the court lacks subject matter jurisdiction over Claim Two for failure to exhaust administrative remedies. *Motion*, pp. 5-11. The plaintiff concedes that he did not exhaust his remedies as to this claim and "does not object to the court dismissing Plaintiff's second claim." *Response*, ¶¶ 9-10. Accordingly, the Motion should be granted to the extent it seeks dismissal of Claim Two.

### IV. CONCLUSION

I respectfully RECOMMEND that the Motion to Dismiss Claims for Relief Against Defendants Fisher and Behavioral Offender Services, LLC [Doc. #11] be GRANTED[1] and that the plaintiff's claims be dismissed without prejudice.

Dated July 26, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).