IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02449-MSK-BNB

PETER GRAHAM SMITH,

Plaintiff,

v.

CHERI FISHER, d/b/a Behavioral Offender Services, and
LARIMER COUNTY PROBATION DEPARTMENT,

Defendants.

---

**ORDER**

---

This matter arises on the **Motion to Dismiss Plaintiff's Complaint** [Doc. #23, filed 12/21/2012] (the "Motion") filed by defendant Larimer County Probation Department (the "Probation Department").[1] The Motion is DENIED WITHOUT PREJUDICE.

The plaintiff filed his Complaint on September 14, 2012 [Doc. #1]. Claims Three and Four are brought against the Probation Department. Claim Three alleges that the Probation Department violated Title II of the Americans With Disabilities Act ("ADA"). Claim Four alleges that the Probation Department discriminated against the plaintiff in violation of Section 504 of the Rehabilitation Act.

The Probation Department asserts that the plaintiff's ADA claim for damages is barred by the Eleventh Amendment, *Motion* at pp. 7-10, arguing summarily it is the "judicial department" of the State of Colorado and is entitled to immunity. *Reply in Support of Motion to*

---

[1] The official name of the Probation Department is the 8th Judicial District Probation Department. *Motion*, p. 1.

*Dismiss Plaintiff's Complaint* [Doc. #34], pp. 1-2. The plaintiff argues that the Probation Department is not a "state" or "state entity" for Eleventh Amendment purposes. *Response to Defendant Larimer county Probation Department's Motion to Dismiss Plaintiff's Complaint* [Doc. #31], pp. 2-3.

The Eleventh Amendment bars actions for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 169 (1985). "[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). Eleventh Amendment immunity extends "to states and state entities but not to counties, municipalities, or other local government entities." Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1253 (10th Cir. 2007). Whether a particular entity is entitled to Eleventh Amendment immunity depends on whether it is "an arm of the state." Id. "The arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states." Watson v. University of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir. 1996). "If a state entity is more like a political subdivision-such as a county or city-than it is like an instrumentality of the state, that entity is not entitled to Eleventh Amendment immunity." Steadfast, 507 F.3d at 1253.

The Tenth Circuit Court of Appeals has instructed courts to consider four primary factors in determining whether an entity constitutes an arm of the state: (1) "the character ascribed to the entity under state law"; (2) "the autonomy accorded the entity under state law"; (3) "the amount of state funding the entity receives and . . . whether the entity has the ability to issue bonds or levy taxes on its own behalf"; and (4) "whether the entity in question is concerned primarily with local or state affairs." Id.

The defendant does not address the Steadfast factors, nor does it provide any evidence to show that it is an arm of the state. Because Eleventh Amendment immunity impacts the court's subject matter jurisdiction, the matter must be resolved in order to determine if the court can reach the merits of the claim. Accordingly, the Motion is denied without prejudice subject to refiling with a thorough discussion of the Steadfast factors and supporting evidence. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (stating that when the court reviews a factual attack on subject matter jurisdiction, as here, it has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts under Rule 12(b)(1)).

IT IS ORDERED that the Motion to Dismiss Plaintiff's Complaint [Doc. #23] is DENIED WITHOUT PREJUDICE subject to refiling in accordance with this order.

Dated July 26, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge